IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-02216-WJM-KLM

STROH RANCH DEVELOPMENT, LLC, a Colorado limited liability company,

      Plaintiff,

v.

CHERRY CREEK SOUTH METROPOLITAN DISTRICT NO. 2,
CHERRY CREEK SOUTH METROPOLITAN DISTRICT NO. 3,
CHERRY CREEK SOUTH METROPOLITAN DISTRICT NO. 4,
CHERRY CREEK SOUTH METROPOLITAN DISTRICT NO. 5,
CHERRY CREEK SOUTH METROPOLITAN DISTRICT NO. 6,
CHERRY CREEK SOUTH METROPOLITAN DISTRICT NO. 7,
CHERRY CREEK SOUTH METROPOLITAN DISTRICT NO. 8,
CHERRY CREEK SOUTH METROPOLITAN DISTRICT NO. 9,
CHERRY CREEK SOUTH METROPOLITAN DISTRICT NO. 10,
CHERRY CREEK SOUTH METROPOLITAN DISTRICT NO. 11,
THE PIVOTAL GROUP, INC.,
PIVOTAL PARKER INVESTMENTS, LLC, a Delaware limited liability company a/k/a Parker Investments 2009, LLC,
PIVOTAL COLORADO II, LLC,
NORTH PARKER INVESTMENTS, LLC,
KURT WOLTER,
KIMBERLY JENSEN,
GREG MCILVAIN,
MARK EAMES,
GREG EPP,
BILLY HARRIS, and
JOHN DOES 1 through 8,

      Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Defendants Cherry Creek South Metropolitan

Districts Nos. 2-11's (the "District Defendants") **Motion for Leave to File Amended**

**Answer** [Docket No. 103; Filed December 2, 2011] (the "Motion").   Plaintiff filed a Response [#122] in opposition to the Motion [#103] on December 27, 2011.   On January 13, 2012, the District Defendants filed a Reply [#130].   The Motion is ripe for resolution.

Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C, the Motion has been referred to this Court for a recommendation regarding disposition.[1]   The Court has reviewed the pleadings, the entire case file, and the applicable law, and is sufficiently advised in the premises.   For the reasons set forth below, the Court **RECOMMENDS** that the Motion be **DENIED.**

This matter pertains to Defendants' alleged failure to honor agreements with Plaintiff with respect to "the construction and maintenance of certain public infrastructure."   *See Scheduling Order* [#23] at 3.   Specifically, Plaintiff contends "that the [District Defendants] have unlawfully ignored provisions in several Reimbursement Agreements that required the [District Defendants to] pay back millions of dollars loaned to the Districts before they incurred new debt and payment obligations to others."   *Response* [#122] at 3.   Further, Plaintiffs aver "that the [District Defendants] breached their Service Plan by removing land from the boundaries of all the metropolitan districts, making performance of the Reimbursement Agreements impossible."   *Id.*

Pursuant to the Motion, the District Defendants seek to amend their Answer [#45]

---

[1] A magistrate judge may issue orders on nondispositive motions only.  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1461, 1462-63 (10th Cir. 1988). Whether motions to amend are dispositive is an unsettled issue. *Chavez v. Hatterman*, No. 06-02525-WYD-MEH, 2009 WL 82496, at *1 (D. Colo. Jan. 13, 2009) (unpublished decision) (collecting cases).  When an order denying a motion to amend removes or precludes a defense or claim from the case it may be dispositive. *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1228 (D. Kan. 2002).  For the purposes of resolving the present Motion, the Court assumes that the issue is dispositive and requires a recommendation.

to add one additional affirmative defense: advice of counsel.  *See Motion* [#103] at 4.

Further, they seek to amend "to revise and clarify the Metropolitan District Defendants'

positions regarding allegations made by Plaintiff."  *Id.*  They assert that such clarifications

include: (1) their response to "Plaintiff's allegations concerning the inclusion and exclusion

of property from the Metropolitan Districts and the Town of Parker's prior approval of

same;" (2) "the Metropolitan District Defendants' provision of minutes of the Boards of

Directors' meetings to Plaintiff;" and (3) "the Metropolitan District Defendants'

reimbursement of developer advances made by entities other than Plaintiff."  *Id.*

The following facts are set forth in the briefs, exhibits, and other filings submitted by

the parties.  On March 1, 2011, the District Defendants filed their Answer [#11] to Plaintiff's

Complaint [#4].  Affirmative Defense No. 5 stated that the District Defendants "were, at all

times, exercising their legal rights in a permissible manner."  *See Answer* [#11] at 6.

On November 24, 2010, Plaintiff's counsel wrote a letter to the District Defendants'

counsel, Attorney Jamie N. Cotter ("Cotter") and Attorney Lisa Kay Mayers ("Mayers") of

Grimshaw & Harring, P.C.  *See Ex. 1* [#122-1] at 2-3. In that letter, Plaintiff's counsel stated

that he was writing "to address several issues that arise from the assertion that [the District

Defendants] 'were, at all times, exercising their legal rights in a permissible manner,' which

is derivative of their 'reliance upon advice of counsel' defense, pled as Affirmative Defense

No. 5."  *Id.* at 1.

On December 1, 2010, Attorney Cotter responded.  *See id.* at 4-5.  In that letter, she

stated that the District Defendants "did not plead advice of counsel as you allege . . .

directly or as any 'derivative' as you suggest."  *Id.* at 4.  She further stated that the District

Defendants' "defense may be established through the facts and the law without any

reference to legal counsel.  Advice of counsel must be specifically plead as a defense." *Id.*

In addition, she stated that the District Defendants did not "'place the advice of [any]

attorney in issue.'" *Id.* (citation omitted).

On December 14, 2010, Plaintiff's counsel responded to the letter from Attorney

Cotter.  *See id.* at 6-7.  He stated that Plaintiff "accept[ed] your representation that the

[District Defendants'] fifth affirmative defense . . . is distinguishable from 'reliance upon the

advice of counsel,' which has not been asserted.  As you suggest, we will explore the

bases of that affirmative defense through discovery and, based upon your representations,

will assume no need for the [District Defendants] to supplement their disclosures at this

time." *Id.* at 6.

The pleading amendment deadline expired on January 3, 2011.  *See Minute Order*

[#23].  On February 7, 2011, the Court granted Plaintiff's motion for leave to file an

amended complaint.  *See Minute Order* [#37].  Plaintiff's Amended Complaint [#38] was

entered that same day.  On March 1, 2011, the District Defendants filed their Answer [#45]

to the Amended Complaint.  This Answer retained Affirmative Defense No. 5, using

identical language as that in the District Defendants' prior Answer.  *Compare Answer* [#11]

at 6 *with Answer* [#45] at 7.

On August 22, 2011, the time period for expert witness disclosure expired.  *See*

*Minute Order* [#77].  On August 24, 2011, Attorney Cotter wrote an e-mail to counsel for

Plaintiff and the other Defendants, stating that the District Defendants "determined that they

may raise the defense of advice of counsel," and, therefore, that the attorneys of Grimshaw

& Harring felt it necessary to withdraw as counsel of record for the District Defendants.

*See Ex. 2* [#122-2] at 5.  The next day, Plaintiff's counsel responded by e-mail that,

-4-

"Without more information on how this impacts your prior claim of privilege and your refusal to supplement initial disclosures, in particular in light of our exchange on this issue late last year," Plaintiff would oppose the motion to withdraw as counsel. *Id.* at 4. On August 29, 2011, the Court granted the District Defendants' motion to withdraw Attorney Cotter and Attorney Mayers as counsel of record, leaving the District Defendants to be represented by Attorney Sarah McCutcheon and Attorney Eric Ziporin of the law firm Senter Goldfarb & Rice, LLC, who had also been representing the District Defendants since September 29, 2010. *See Minute Order* [#91] at 2.

On September 7, 2011, the District Defendants' counsel wrote an e-mail to Plaintiff's counsel inquiring as to Plaintiff's position on proposed amendments to the District Defendants' Answer [#45]. *See Ex. 1* [#122-1] at 8. On September 12, 2011, Plaintiff's counsel responded via letter, opposing the District Defendants' proposed amendments. *See id.* at 8-9. In part, Plaintiff argued that it opposed the amendments to factual allegations because the Answer "need only comply with the notice pleading standards and the details proposed are unnecessary as they do not comprise theories of avoidance. Rather, they are factual matters that warrant amendment of discovery responses, not the . . . Answer." *Id.* Plaintiff also argued that it opposed amendment to add the defense of advice of counsel because: (1) the information underlying such a defense was exclusively within the District Defendants' knowledge and, therefore, would not have been obtained through discovery, (2) the issue had already been discussed between the parties in late 2010, at which time the District Defendants affirmatively stated they would not be asserting that defense, and (3) the timing of the amendment request was after the deadline for expert disclosures and meant that Plaintiff would be foreclosed from the use of expert testimony

on the topic. *See id.*

## A.    Good Cause to Modify the Pleading Amendment Deadline

As a preliminary matter, the pleading amendment deadline expired on January 3,

2011. *See Minute Order* [#23].  The present Motion was filed on December 2, 2011 and,

therefore, is untimely.  Accordingly, the District Defendants must provide good cause for

their failure to timely move for amendment pursuant to Fed. R. Civ. P. 16(b)(4).

While the District Defendants must "show that [they were] diligent in attempting to

meet the [pleading amendment] deadline," this standard can be met by providing "an

adequate explanation for any delay." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 &

n.4 (10th Cir. 2006) (explaining that lateness itself does not justify denial of a motion to

amend, but "undue" lateness does).  The District Defendants aver that, through discovery

obtained between March and August 2011, they found information that revealed to them

that they could assert the defense of advice of counsel.  *See Reply* [#130] at 5-6.  Plaintiff

argues in response:

> The [District Defendants'] defense is based on advice of counsel—the very
> same counsel that represented them in this litigation until withdrawal on
> August 29, 2011.  Any "facts" about whether the [District Defendants] were
> acting upon the advice of their attorneys was then solely within the [District
> Defendants'] knowledge, even before [Plaintiff] filed suit.  Accordingly, with
> any diligent effort, the [District Defendants] could have met the January 3,
> 2011 deadline for amending pleadings and timely moved to add this defense.
> In fact, even without diligence, they should have been able [to] meet the
> deadline, as undersigned counsel alerted them to the defense more than a
> month before the deadline.  The only conclusion that can be drawn from the
> facts is that the defense was strategically and intentionally delayed to keep
> [the] files [of the District Defendants' counsel] out of [Plaintiff's] hands.

*Response* [#122] at 7.  Based on the correspondence provided and discussed above, the

Court is inclined to agree that the District Defendants "could have timely moved to add this

defense." However, the District Defendants argue that this litigation is complex, covers years going back as far as 2003, and involves many thousands of pages of documents. *See Reply* [#6] at 5-7. They state that it was only through investigation and analysis of Plaintiff's factual allegations in conjunction with this discovery, all of which was obtained after March 2011, that they learned that "many of the actions of the Boards of Directors [of the individual District Defendants] were based on guidance and advice provided by their general counsel, Mr. Matthew Dalton—particularly with respect to how the inclusions and exclusions of property from the [District Defendants] were accomplished in 2005 and 2009." *Id.* at 7.

The Court is not inclined to find merit in the argument that the District Defendants' counsel needed to review thousands of pages of documents to determine whether the advice-of-counsel defense was applicable, for two reasons. First, most Boards of Directors make decisions based on advice of counsel. It would be remarkable if that were not the case here, and defense counsel should have known it. Second, defense counsel could have simply asked the Board members whether the Board's decisions were based on advice of counsel without expending enormous amounts of time, energy and resources to review thousands of pages of documents. The District Defendants have provided no explanation for counsel's failure to do so. Thus, the Court finds that the District Defendants have not provided good cause for requesting leave to amend outside the pleading amendment deadline. However, even if the District Defendants had provided good cause pursuant to Fed. R. Civ. P. 16(b)(4), the Court finds that they have also failed to meet the standards of Fed. R. Civ. P. 15(a), as discussed below.

### B.    Rule 15(a) Requirements

Pursuant to Fed. R. Civ. P. 15(a), the Court considers any arguments raised by the parties related to whether justice would be served by amendment. Specifically, the Court should grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given, however, when the moving party unduly delayed, failed to amend despite ample opportunity to do so, the nonmoving party would be unduly prejudiced, or amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, Plaintiff argues that the District Defendants unduly delayed and, therefore, have unduly prejudiced Plaintiff. *See Response* [#122] at 8-11.

The Court may deny a motion to amend based on undue delay. *See Minter*, 451 F.3d at 1205. "The important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue." *Id.* at 1206. The Tenth Circuit "focuses primarily on the reason for the delay." *Id.* A motion to amend is untimely if, among other reasons, the moving party has made the complaint a "moving target," is trying to "salvage a lost case by untimely suggesting new theories of recovery," is trying to present more theories to avoid dismissal, or is knowingly waiting until the eve of trial to assert new claims. *Id.* at 1206 (citations omitted). Other common reasons for finding undue delay include lack of adequate explanation for the delay or when a moving party knows or should have known of the facts in the proposed amendment but did not include them in the original complaint or any prior attempts to amend. *Id.* (citations omitted).

The Court notes that Plaintiff inquired of the District Defendants whether they would be asserting the defense of advice of counsel in November of 2010. *See Ex. 1* [#122-1] at 1. Thus, the District Defendants have been aware of the possible relevance of this defense for more than a year and could have asserted it earlier, such as when the District

Defendants filed their Answer to the Amended Complaint in March of 2011.  Moreover, it is troubling that the District Defendants provide no explanation for the delay between September 7, 2011, the date when Plaintiff's counsel told them of Plaintiff's position on the proposed amendments, and December 2, 2011, the date when the District Defendants filed this Motion.  Further, by waiting three months to file what they long knew was an opposed motion, they guaranteed that the Motion would not be ripe for resolution by the Court until January 2012, a month before the discovery deadline of February 13, 2012.  *See Order* [#98] at 2; *Reply* [#130; Filed January 13, 2012].  Thus, not only has the request come long after the pleading amendment deadline expired, it has come not long before the expiration of the discovery deadline.  This delay, considered in conjunction with the District Defendants' earlier contention that they were not asserting the advice-of-counsel defense in this litigation and the fact that they have not explained the delay between September and December 2011, constitutes undue delay.  *See Minter*,  451 F.3d at 1206 (stating that undue delay includes lack of adequate explanation for the delay or when a moving party knows or should have known of the facts in the proposed amendment but did not include them in prior attempts to amend).  The District Defendants have similarly exhibited undue delay with respect to their proposed amendment of facts, which they were also aware of no later than September 7, 2011.  *See Ex. 1* [#122-1] at 8.

Accordingly, the Court respectfully **RECOMMENDS** that the Motion be **DENIED**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is

assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147–48 (1985), and also waives appellate review of both factual and legal questions, *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  February 2, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge