**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No.  10-cv-02216-WJM-KLM

STROH RANCH DEVELOPMENT, LLC, a Colorado limited liability company,

    Plaintiff,

v.

(1) CHERRY CREEK SOUTH METROPOLITAN DISTRICT NO. 2,
(2) CHERRY CREEK SOUTH METROPOLITAN DISTRICT NO. 3,
(3) CHERRY CREEK SOUTH METROPOLITAN DISTRICT NO. 4,
(4) CHERRY CREEK SOUTH METROPOLITAN DISTRICT NO. 5,
(5) CHERRY CREEK SOUTH METROPOLITAN DISTRICT NO. 6,
(6) CHERRY CREEK SOUTH METROPOLITAN DISTRICT NO. 7,
(7) CHERRY CREEK SOUTH METROPOLITAN DISTRICT NO. 8,
(8) CHERRY CREEK SOUTH METROPOLITAN DISTRICT NO. 9,
(9) CHERRY CREEK SOUTH METROPOLITAN DISTRICT NO. 10,
(10) CHERRY CREEK SOUTH METROPOLITAN DISTRICT NO. 11,
(11) THE PIVOTAL GROUP, INC.,
(12) PIVOTAL PARKER INVESTMENTS, LLC, a Delaware limited liability company a/k/a
(13) Parker Investments 2009, LLC,
(14) PIVOTAL COLORADO II, LLC,
(15) NORTH PARKER INVESTMENTS, LLC,
(16) KURT WOLTER,
(17) KIMBERLY JENSEN,
(18) GREG MCILVAIN,
(19) MARK EAMES,
(20) GREG EPP,
(21) BILLY HARRIS, and
(22) JOHN DOES 1 through 8,

    Defendants.

---

**ORDER REQUESTING SUBMISSION OF ADDITIONAL**
**MATERIALS IN REGARDS TO ECF NO. 165**

---

    This matter is before the Court on the Defendants' (1)-(15) ("Defendants") Joint

Motion for Summary Judgment ("Motion").  (ECF No. 165.)  Plaintiff Stroh Ranch

Development, LLC has filed a Response,  (ECF No. 184) and Defendants have filed a

Reply.  (ECF 196.)  To assist in the disposition of the Motion, the Court directs as

follows:

1.      **By 5pm, February 14, 2013, the Court DIRECTS** Plaintiff's Counsel and

Defendants' Counsel to prepare schematics reflecting Plaintiff's claims,

*and* the relationship between each of the named-Defendants.[1]  For

example, the disputed facts contend that District No. 3 acts as an agent

for District No. 2 and No. 4-11 (*i.e.* the Metro District Defendants); while

the relationship between the Pivotal named-Defendants and Defendant

North Parker is also quite complex.  Given this state of affairs, each of the

parties to the instant Motion are DIRECTED to file two contemporaneous

schematics visualizing: **(a)** the alleged contractual relationships between

Plaintiff and the Defendant-entities (for *e.g.* reflecting Plaintiff's alleged

claims (1)-(4) (ECF No. 38)); and **(b)** in a separate document, the alleged

equitable relationships between Plaintiff and the Defendant-entities (for

*e.g.* reflecting Plaintiff's alleged claims (5)-(8)[2] (*Id.*)  The schematics

---

[1] The Court notes that the proceedings involves 22 Defendants, but for the present purposes this Order only applies to the first 15 Defendants.  Like the Defendants' Joint Motion for Summary Judgment (ECF No. 165), it is assumed that these schematics (and the chronologies per Item No. 2.) will be jointly filed by Defendants' Counsel who were signatories to the Motion ECF No. 165.  The Court will use the submitted materials in the course of its rulings on all five of the pending Motions for Summary Judgment, including ECF Nos. 166, 167, 168 and 169.

[2] The Court notes that Plaintiff's Eighth Claim of Relief seeks a "declaration by the Court concerning the rights and legal relations of the parties under the Reimbursement Agreements." (ECF No. 38 at ¶ 77.)  Plaintiff also contends in their Response that in "order to escape liability for their actions, Defendants have raised [a] myriad [of] defenses, from technical deficiencies previously concealed from SRD [through to] . . .  elaborate shell games between entities and

should be no more than 1 page, reflecting the Plaintiff's claims, **and** the relationship between each of the named-Defendants.

The Court recently found schematics to be helpful in other similar actions. See, for example, Civil Action 12-cv-3157 (ECF No. 24, Exh. 2) and Civil Action 12-cv-0682. (ECF Nos. 43, 44-1.)

2.    **By 5pm, February 15, 2013, the Court DIRECTS** that Plaintiff's Counsel and Defendants' Counsel to the instant Motion are to file contemporaneous chronologies.  This should include a tabulated date/event time-line, tracing the key dates from 2003 through to 2010.  For example:

| Date | Event and ECF No. (Citation) |
| --- | --- |
| Dec. 8, 2004 | Exec. of Reimb. Agree. No. 3 (ECF No. ### at ##.) |

References should be cited solely from the Statement of Facts filed in Defendant's Motion (ECF No. 165)/Reply (ECF No. 196), and Plaintiff's Response (ECF No. 167).  Each side's chronology will be limited to 3 pages.

3.    **By February 18, 2013, the Court DIRECTS** Defendants to prepare a document(s) (in *Word Perfect*) that redlines those clauses in the operative agreements that are inconsistent with a previous agreement.  For example, ECF 165-8; 165-15 and 165-16 are all agreements relevant to

---

Districts, so as to "minimize the risk" of ever repaying SRD."  (ECF No. 184 at 3.)  It is envisaged that the schematics will better illustrate the relief sought by Plaintiff, and the interrelationship between the named-Defendants entities.

the instant Motion; but some have been superseded by the subsequent agreements. The Court seeks documents that reflect those clauses that are no longer operative because of inconsistency with (or supersession) of a subsequent agreement.

Should Plaintiff's or Defendants' Counsel have questions with respect to this Order, they may contact Chambers on the following line: (303)335-2892.

Dated this 12th day of February, 2013.

BY THE COURT:

_____
William J. Martínez
United States District Judge