**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No.  10-cv-02216-WJM-KLM

STROH RANCH DEVELOPMENT, LLC, a Colorado limited liability company,

    Plaintiff,

v.

(1) CHERRY CREEK SOUTH METROPOLITAN DISTRICT NO. 2,
(2) CHERRY CREEK SOUTH METROPOLITAN DISTRICT NO. 3,
(3) CHERRY CREEK SOUTH METROPOLITAN DISTRICT NO. 4,
(4) CHERRY CREEK SOUTH METROPOLITAN DISTRICT NO. 5,
(5) CHERRY CREEK SOUTH METROPOLITAN DISTRICT NO. 6,
(6) CHERRY CREEK SOUTH METROPOLITAN DISTRICT NO. 7,
(7) CHERRY CREEK SOUTH METROPOLITAN DISTRICT NO. 8,
(8) CHERRY CREEK SOUTH METROPOLITAN DISTRICT NO. 9,
(9) CHERRY CREEK SOUTH METROPOLITAN DISTRICT NO. 10,
(10) CHERRY CREEK SOUTH METROPOLITAN DISTRICT NO. 11,
(11) THE PIVOTAL GROUP, INC.,
(12) PIVOTAL PARKER INVESTMENTS, LLC, a Delaware limited liability company a/k/a
(13) Parker Investments 2009, LLC,
(14) PIVOTAL COLORADO II, LLC,
(15) NORTH PARKER INVESTMENTS, LLC,
(16) KURT WOLTER,
(17) KIMBERLY JENSEN,
(18) GREG MCILVAIN,
(19) MARK EAMES,
(20) GREG EPP,
(21) BILLY HARRIS, and
(22) JOHN DOES 1 through 8,

    Defendants.

---

**ORDER SETTING ORAL ARGUMENT ON DISCRETE ISSUES RAISED IN
JOINT MOTION FOR SUMMARY JUDGEMENT  ECF NO. 165**

---

    This matter is before the Court on the Defendants' (1)-(15) ("Defendants") Joint

Motion for Summary Judgment ("Motion").  (ECF No. 165.)  Plaintiff Stroh Ranch

Development, LLC has filed a Response, (ECF No. 184) and Defendants have filed a Reply. (ECF 196.)

On further consideration of this case—coupled with Plaintiff's recent Motion (ECF No. 211) regarding new evidence—the Court ORDERS and DIRECTS as follows:

1. The Court SETS oral argument and supplemental briefing on several issues that are addressed in the briefing on the Motion, as follows :

    A. **Contract Interpretation of Covenant District Clause ("Covenant Clause"):**[1]

    **(1)** What are the parties' preferred construction of the relevant Reimbursement Agreement(s)—particularly the Covenant Clause?

    **(2)** Do the clauses in the Reimbursement Agreements, when read as whole, create **ambiguity** for the purposes of construction of the Covenant Clause? If so what purported extrinsic evidence would Plaintiff point to that would require jury determination so to support its preferred construction of the Reimbursement Agreements?

    **(3)** Alternatively, if the Reimbursement Agreement are **unambiguous**, what clause(s) support this view?

---

[1] This section is referred to as Section 3 and Section 4 in several of the Reimbursement Agreements.

     **B.**    **Reserved Powers Doctrine:**

     **(1)** If the Reimbursement Agreement are **unambiguous** on Defendants' (or Plaintiff's) construction, does this trigger the Reserved Powers Doctrine so to dispose **any** of Plaintiff's claims for the purposes of summary judgment?

     **(2)** Does binding authority exist in the Tenth Circuit (or persuasive authority in other circuits) that specifically address the issue of whether the Covenant Clause triggers the Reserved Powers Doctrine?

     **C.**    **Notice and Approval of Districts:**

     **(1)** What are the specific Districts that Defendants allege were improperly noticed (and subsequently approved) at the relevant Directors' meeting in December 2004?

     **(2)** Do the alleged improper notices make the Reimbursement Agreements unenforceable and does this dispose **any** of Plaintiff's claim(s) as a matter of law? Alternatively, do issues of fact arise with respect to the notice and approval steps that deny Defendants' Motion for Summary Judgement as to this issue (ECF No. 165)?

2.    Oral argument will be heard on the above issues (A - C) on **Monday, February 25, 2013 at 3pm.**[2]

---

[2] The Court notes that the ECF No. 165 raised the issue of whether there had been material breach of the Reimbursement Agreements. For the purposes of the instant Order, this issue should **not** be addressed at oral argument or in the supplemental briefing.

    3.    In light of the above, the Court DIRECTS the parties (Plaintiff and each of named 22 Defendants)[3] to file contemporaneous supplemental briefing on the above three issues (A-C) by no later than **Thursday, February 21, 2013**. With respect to these supplemental briefs, the parties may rely upon arguments in the motions ECF Nos. 166, 167, 168 and 169 to the extent that such briefing addressed issues A-C (Contract Interpretation, Reserved Powers Doctrine and Notice/Approval). Any deviation of this instruction will lead to the Court disregarding those passages in the supplemental briefing. The supplemental briefing will be limited to **10 pages** (exclusive of the caption page, attorney signature blocks and certificate of service). These briefs may include disputed and undisputed facts that are not already addressed in ECF Nos. 165, 184 and 196. The Parties' supplemental briefs should **bold those cases** that are most relevant to issues A-C, above and may include additional cases not already cited in ECF Nos. 165, 184 and 196.

Should Plaintiff's or Defendants' Counsel have questions with respect to this Order, they may contact the undersigned's assigned Law Clerk on the following line: (303)-335-2892.

---

[3] Like the Defendants' Joint Motion for Summary Judgment (ECF No. 165), it is assumed that these supplemental briefings will be jointly filed by Defendants' Counsel who were signatories to the Motion ECF No. 165.

Dated this 15th day of February, 2013.

BY THE COURT:

William J. Martinez
United States District Judge