**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-02216-WJM-KLM

STROH RANCH DEVELOPMENT, LLC, a Colorado limited liability company,

    Plaintiff,

v.

(1) CHERRY CREEK SOUTH METROPOLITAN DISTRICT NO. 2,
(2) CHERRY CREEK SOUTH METROPOLITAN DISTRICT NO. 3,
(3) CHERRY CREEK SOUTH METROPOLITAN DISTRICT NO. 4,
(4) CHERRY CREEK SOUTH METROPOLITAN DISTRICT NO. 5,
(5) CHERRY CREEK SOUTH METROPOLITAN DISTRICT NO. 6,
(6) CHERRY CREEK SOUTH METROPOLITAN DISTRICT NO. 7,
(7) CHERRY CREEK SOUTH METROPOLITAN DISTRICT NO. 8,
(8) CHERRY CREEK SOUTH METROPOLITAN DISTRICT NO. 9,
(9) CHERRY CREEK SOUTH METROPOLITAN DISTRICT NO. 10,
(10) CHERRY CREEK SOUTH METROPOLITAN DISTRICT NO. 11,
(11) THE PIVOTAL GROUP, INC.,
(12) PIVOTAL PARKER INVESTMENTS, LLC, a Delaware limited liability company a/k/a
(13) PARKER INVESTMENTS 2009, LLC,
(14) PIVOTAL COLORADO II, LLC,
(15) NORTH PARKER INVESTMENTS, LLC,
(16) KURT WOLTER,
(17) KIMBERLY JENSEN,
(18) GREG MCILVAIN,
(19) MARK EAMES,
(20) GREG EPP,
(21) BILLY HARRIS, and
(22) JOHN DOES 1 through 8,

    Defendants.

---

**ORDER REQUIRING SUBMISSION OF ADDITIONAL MATERIALS
IN REGARDS TO NOTICE ISSUE IN ECF NO. ECF NOS. 248, 249,
250 AND 251 & SUBSEQUENT RENEWED MOTIONS**

---

    This matter is before the Court on the Defendants' ("Defendants") Renewed

Motions for Summary Judgment ("Motions"). (ECF Nos. 248-251.) Plaintiff Stroh

Ranch Development, LLC has filed Responses, (ECF No. 253-256) and Defendants are to file replies on June 7, 2013.

## I. BACKGROUND

To date, the parties have briefed and assisted the Court with oral argument on issues with respect to: (1) the interpretation of the Reimbursement Agreements (the Interpretation Issue); (2) the implied covenant of good faith and fair dealing issue (the Implied Covenant Issue); (3) the Reserved Powers Doctrine Issue; (4) the Statute of Limitations Issue; and (5) the Notice Issue. These issues have been central to the dispute—and in particular, Plaintiff's contract claims.

On March 18, 2013, the Court issued a detailed Order on issues (1) and (2). The core of that Order addressed the Interpretation Issue based on the parties' preferred interpretations stated in their briefing. (ECF No. 233).[1]

On March 18, 2013, the Court also issued an Order denying Defendants' remaining Motions for Summary Judgment *without prejudice*. (ECF No. 234.) In that Order, the Court asked the parties to address the *appropriateness* of the re-filing the remaining Motions for Summary Judgment. (*Id.*) This conference addressed all of the above issues (1)-(5) in summary fashion, along with Plaintiff's equitable claims, *inter alia*, issues related to qualified and legislative immunity.[2]

---

[1] The parties should be well aware that the Court will not be reconsidering the Interpretation issue, unless of course, this matter proceeds to trial. Nor will it be considering issues related to the good faith and fair dealing. This was foreshadowed at the Rule 16(c) Conference on April 15, 2013.

[2] During the Rule 16(c) Conference, the Court made it very clear its concerns regarding the circularity relevant to the Plaintiff's contract claims (and disputed issues of fact identified in ECF No. 233), and Defendants' Motions for Summary Judgment as applied to Plaintiff's equitable claims.

Notably, the Notice Issue is the principal remaining dispute remaining to be adjudicated by the Court prior to trial in this matter. As more fully set forth below, the Court has determined that additional briefing from the Parties will significantly assist it in ruling on this issue.

## II. COURT'S REQUEST FOR SUPPLEMENTAL BRIEFING

Relevant to the Notice Issue, the Court directs the parties to address the following sub-issues:

1. Whether the meetings' minutes state that notice was properly posted?
2. Whether the posting complied with the relevant Colorado Statutes?
3. Even if the notice was improperly posted, whether the Boards of Directors subsequently ratified the validity of the Reimbursement Agreements as valid?; and
4. Whether the doctrine of equitable estoppel applies in this case?

The Parties are free to adopt arguments they have stated previously on the Notice Issue, and they may expand beyond them for the purposes of the supplemental briefing. The Parties may also cross-reference previous briefs, provided such references are **bolded**; but, ideally, the Parties should be summarizing their strongest arguments, coupled with the relevant authorities.

With respect to sub-issue 4, equitable estoppel, the Court notes that the Parties have only made limited reference to the most relevant authorities. With respect to this sub-issue, in particular, the Court directs the Parties to address: **(a)** *Perl–Mack Enters.*

*Co. v. City & County of Denver*, 568 P.2d 468, 471 (Colo. 1977),[3] and **(b)** *City of Colo. Springs v. Colo. City*, 94 P. 316, 320 (Colo. 1908).[4] [5] [6]

Most importantly, the Court also seeks briefing on the applicability of the following cases to the facts in suit: **(a)** *Piz v. Housing Auth.*, 289 P.2d 905 (1955); and, the more recent case, and **(b)** *Tarco, Inc. v. Conifer Metropolitan District* 2013 WL 1767616 (April 25, 2013). In *Conifer*, the Court stated:

> Equitable estoppel is based on principles of fair dealing and is designed to prevent manifest injustice. The doctrine may be asserted against governmental agencies. In the context of municipalities, the doctrine of equitable estoppel bars a city from enforcing some obligation by taking a position contrary to a previous representation reasonably relied upon by the party dealing with the city to his detriment. [T]he doctrine of equitable estoppel has been invoked to cut off rights or privileges conferred by statute. A party asserting equitable estoppel must establish that (1) the party to be estopped knew the facts and either intended the conduct to be acted on or so acted that the party asserting estoppel must have been ignorant of the true facts, and (2) the party asserting estoppel must have reasonably relied on the other party's conduct with resulting injury. Whether the circumstances in a case involve representation and reasonable reliance giving rise to equitable estoppel are questions of fact. (citations omitted) (internal quotation marks omitted).

2013 WL 1767616*, at *7.*

---

[3] See ECF No. 184 at 188.

[4] *Id.*

[5] *See also Wheat Ridge Urban Renewal Authority v. Cornerstone Group XXII, LLC*, 176 P.3d 737 (Colo. 2007) cited at ECF No. 188 at 22 and authorities cited therein.

[6] *See Kruse v. Town of Castle Rock, 192 P.3d 591, 603* (Colo.App. 2008); *Jafay v. Board of County Comm'rs*, 848 P.2d 892, 903 (Colo.1993) (summarizing the principles encompassed by equitable estoppel).

4

In *Conifer*, the court's reasoning is detailed in its application to the facts of that case. The Court expects the same from the Parties, given the importance of the Notice Issue as proffered, *inter alia*, by Defendant's Counsel Pivotal Group, Inc.

Finally, the Parties' supplemental briefs should clearly indicate which Districts the Notice Issue applies to.

### III. CONCLUSION

Accordingly, the Court ORDERS as follows:

1. The Parties shall file contemporaneous supplemental briefs no later than **June 17, 2013**, consistent with what has been stated in this Order, above. Such briefs are to be no longer than 15 pages in length, exclusive of attorney signature blocks and certificate of service; and

2. No response or reply briefing will be permitted.

Dated this 6th day of June, 2013.

BY THE COURT:

William J. Martinez
United States District Judge